```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| THERESA WALLEN, | 1:10-cv-0220 OWW SMS |
| Plaintiff, | SCHEDULING CONFERENCE ORDER |
| v. | Discovery Cut-Off: 4/29/11 |
| JOHN YANG, et al., | Non-Dispositive Motion Filing Deadline: 5/16/11 |
| Defendants. | Non-Dispositive Motion Hearing Date: 6/17/11 9:00 Ctrm. 7 |
| | Dispositive Motion Filing Deadline: 6/1/11 |
| | Dispositive Motion Hearing Date: 7/11/11 10:00 Ctrm. 3 |
| | Settlement Conference Date: 2/16/11 10:30 Ctrm. 7 |
| | Pre-Trial Conference Date: 8/15/11 11:00 Ctrm. 3 |
| | Trial Date: 9/27/11 9:00 Ctrm. 3 (JT-5 days) |

I.   Date of Scheduling Conference.

    June 9, 2010.

II.  Appearances Of Counsel.

    Moore Law Firm, P.C. by Tanya L. Moore, Esq., appeared on

behalf of Plaintiff.

Jacobson, Hansen, Najarian & McQuillan by Leith B. Hansen, Esq., appeared on behalf of Defendants.

### III. Summary of Pleadings.

1. This is a civil rights action by Plaintiff Theresa Wallen for discrimination at the building, structure, facility, complex, property, land, development and/or surrounding business complex known as: Yen Ching Restaurant located at 467 Shaw Avenue, Fresno, California 93710. Wallen seeks damages, injunctive and declaratory relief, attorney fees and costs, against Chi Hua-Yang sued herein as Chi-Hua Yang aka Chi Yang Hua dba Yen Ching Restaurant; John Yang and Wallet Corrine M. Trust.

2. Defendants dispute Plaintiff's contentions.

### IV. Orders Re Amendments To Pleadings.

1. The parties do not anticipate amending the pleadings at this time.

### V. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1. Plaintiff is a citizen of the United States and was a patron of the restaurant located on Defendant's property.

2. The Yen Ching Restaurant is located at 467 Shaw Avenue, Fresno, California.

3. Defendants are Chi Hua-Yang, sued erroneously as Chi-Hua Yang aka Chi Yang Hua dba Yen Ching Restaurant, John Yang and Wallet Corrine M. Trust.

4. The restaurant building is owned by the Wallet Corrine M. Trust.

5.   Chi Hua Yang is also known as John Yang and was, at the times alleged, the operator of the restaurant.

B.   Contested Facts.

1.   Whether violations of the Americans With Disabilities Act (ADA) are present at the restaurant as alleged by Plaintiff.

2.   Whether Plaintiff personally confronted, was deterred by, and was damaged by architectural or other barriers to access at the restaurant.

3.   Whether Plaintiff has a disability within the meaning of the ADA and the California Civil Code.

4.   Whether Defendants breached any duty to Plaintiff.

5.   The amount of Plaintiff's damages, if any.

6.   Whether Defendants intentionally discriminated against Plaintiff.

7.   Whether removing particular claimed architectural barriers is readily achievable, and whether services may be made available through alternative means.

8.   Whether removing particular claimed architectural barriers is structurally practicable.

9.   Whether the building was constructed or modified after the effective date of the ADA.

VI.   Legal Issues.

A.   Uncontested.

1.   Jurisdiction exists under 28 U.S.C. § 1331 and the ADA.

2.   Both parties agree that the Plaintiff's declaratory relief claims are authorized by 28 U.S.C. §§ 2201 and

1  2202.
2          3.   Both parties agree that the venue is proper in the
3  United States District Court, Eastern District of California.
4          4.   Venue is proper under 28 U.S.C. § 1391.
5          5.   As to supplemental claims, the substantive law of
6  the State of California provides the rule of decision.
7     B.   Contested.
8          1.   Whether Defendants owed a duty to plaintiff.
9          2.   Whether Defendants breached any duty to Plaintiff.
10         3.   The valuation of Plaintiff's damages.
11         4.   Whether Plaintiff is entitled to recover attorney
12 fees.
13         5.   The legal standards governing Defendant's duties,
14 if any, to modify the building.
15         6.   Whether Plaintiff's damages are recoverable or
16 limited pursuant to California Civil Code § 55.56.
17         7.   Whether Plaintiff's action is barred by the
18 equitable doctrines of estoppel and/or unclean hands, or by the
19 statute of limitations.
20 VII. Consent to Magistrate Judge Jurisdiction.
21    1.   All parties have consented to transfer the case to the
22 Magistrate Judge for all purposes, including trial.
23 VIII.   Corporate Identification Statement.
24    1.   Any nongovernmental corporate party to any action in
25 this court shall file a statement identifying all its parent
26 corporations and listing any entity that owns 10% or more of the
27 party's equity securities.  A party shall file the statement with
28 its initial pleading filed in this court and shall supplement the

4

statement within a reasonable time of any change in the information.

IX.  Discovery Plan and Cut-Off Date.

    1.   The parties do not request changes in the timing, form, or requirement for disclosures under Rule 26(a).

    2.   The parties are ordered to complete all non-expert discovery on or before January 31, 2011.

    3.   The parties are directed to disclose all expert witnesses, in writing, on or before February 28, 2011.  Any rebuttal or supplemental expert disclosures will be made on or before March 28, 2011.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4.   The parties are ordered to complete all discovery, including experts, on or before April 29, 2011.

    5.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.  Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any

discovery motions, will be filed on or before May 16, 2011, and heard on June 17, 2011, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than June 1, 2011, and will be heard on July 11, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   August 15, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily

6

identify such exhibits.

XIII.  Trial Date.

    1.   September 27, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   Five days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.   A Settlement Conference is scheduled for February 16, 2011, at 10:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in

advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1. None.

XVI. Related Matters Pending.

    1. There are no related matters.

XVII. Compliance With Federal Procedure.

    1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII. Effect Of This Order.

    1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3. Failure to comply with this order may result in

1  **the imposition of sanctions.**

2

3  IT IS SO ORDERED.

4  **Dated:    June 10, 2010**                              **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE